IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JN MEDICAL CORPORATION, | ) | |
| | ) | CASE NO. BK17-80174 |
| Debtor(s). | ) | |
| JN MEDICAL CORPORATION, | ) | A17-8016 |
| | ) | |
| Plaintiff, | ) | CHAPTER 11 |
| vs. | ) | |
| | ) | |
| AURO VACCINES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

FINDINGS AND RECOMMENDATIONS
TO THE UNITED STATES DISTRICT COURT

This matter is before the court on the parties' Joint Preliminary Pretrial Statement (Fil. No. 19). Patrick R. Turner represents the plaintiff-debtor, and Michael T. Eversden represents the defendant.

The debtor, JN Medical, and Full Circle Capital Corporation are parties to a loan, guaranty and security agreement dated as of June 30, 2014, pursuant to which the debtor borrowed the principal amount of $3,500,000.00. The obligation under the loan agreement was reduced to a written promissory note executed by the debtor. To secure its obligations under this note, the debtor granted Full Circle a deed of trust on various parcels of real property owned by the debtor, as well as a lien on substantially all of the debtor's personal property. In July 2014, Full Circle filed the deed of trust with the Douglas County, Nebraska, Register of Deeds and it filed a UCC-1 financing statement with the Nebraska Secretary of State to perfect its security interest in the debtor's personal property. In late May 2016, Full Circle notified the debtor that the loan had been declared in default. Shortly thereafter, Full Circle announced its intention to foreclose on the real property. On August 17, 2016, Full Circle held a non-judicial foreclosure sale of the debtor's real property assets. In November 2016, Full Circle merged with Great Elm Capital Corp., and Great Elm succeeded to all of Full Circle's rights and interests under the loan agreement with the debtor. Neither Great Elm nor Full Circle sought or obtained a deficiency judgment against the debtor within 90 days thereafter as required by Neb. Rev. Stat. § 76-1013. Effective February 3, 2017, Great Elm sold and assigned all of its rights and interests under the loan agreement to Auro Vaccines, LLC, and Auro thereafter filed amendments to the financing statement to evidence the assignment.

JN Medical filed its Chapter 11 bankruptcy petition on February 15, 2017, and on December 4, 2017, filed this adversary proceeding alleging (1) that the purchase agreement between Great Elm and Auro Vaccines did not include the debtor's intellectual property; (2) Auro's post-purchase amendment to the Nebraska UCC-1 financing statement was a preferential transfer of the debtor's

property and is avoidable under 11 U.S.C. §§ 547(b) and 550; (3) Auro's proof of claim in the debtor's bankruptcy case for the amount due on the promissory note should be barred because Full Circle did not obtain a deficiency judgment against the debtor; and (4) Auro's proof of claim is unenforceable because Auro lacks standing and because the claim contains interest and other expenses not allowed under 11 U.S.C. § 506(b).

In the parties' Joint Preliminary Pretrial Statement, they agree that the case contains core and non-core claims, and they do not consent to the entry of final orders or judgment by a bankruptcy judge. Non-core matters require adjudication of common-law or state-law claims. These causes of action are not created by any provision of the Bankruptcy Code and they would exist outside of the bankruptcy case. The bankruptcy court lacks authority to decide non-core matters under *Stern v. Marshall*, 564 U.S. 462 (2011).

The United States District Court for the District of Minnesota has addressed the issue of withdrawal of the reference for *Stern* questions, and its explanation is applicable here:

> Under the bankruptcy statutes:
> [T]he district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." Congress has divided bankruptcy proceedings into three categories: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." District courts may refer any or all such proceedings to the bankruptcy judges of their district . . . . District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown."

*Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. §§ 1334(a), 157(a), (d)). In this District, all bankruptcy cases and proceedings are automatically referred to the bankruptcy judges. Bankruptcy Local Rule 1070–1.

> Bankruptcy judges may hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." "Core proceedings include, but are not limited to" 16 different types of matters . . .
> *Stern*, 131 S. Ct. at 2603–04 (quoting 28 U.S.C. §§ 157(b)(1), (b)(2)(C), 158).

> When a bankruptcy judge determines that a referred "proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court." It is the district court that enters final judgment in such cases after reviewing de novo any matter to which a party objects.
> *Id.* at 2604 (quoting 28 U.S.C. § 157(c)(1)).

> In *Stern v. Marshall*, the Supreme Court held that section 157(b)'s grant of authority to a bankruptcy court to "hear and determine . . . and . . . enter appropriate orders and judgments," on "counterclaims by the estate against persons filing claims against the estate," violated Article III of the United States Constitution when the state law claims would not be "completely resolved in the bankruptcy process of allowing or disallowing claims." 131 S. Ct. at 2611. Therefore, "some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham)*, 134 S. Ct. 2165, 2172 (2014).
>
> *In re Bellingham*, decided by the Supreme Court in June 2014, explained that if a so-called *Stern* claim "satisfies the criteria of § 157(c)(1)" in that it is "related to a case under title 11," then "the bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." 134 S. Ct. at 2173.
> . . .
> Defendants' motion to withdraw the reference to the bankruptcy court in this case is based on 28 U.S.C. § 157(d), which states:
>
>> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
>
> 28 U.S.C. § 157(d) (emphasis added). The statute does not define "cause," but generally, district courts have "broad discretion in determining whether to withdraw a matter from the bankruptcy court." *Enviro–Scope Corp. v. Westinghouse Elec. Corp.*, 57 B.R. 1005, 1008 (E.D. Pa. 1985). In deciding whether to withdraw a reference, the Court considers factors such as whether the claim is core, the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand. *See In re H & W Motor Express Co.*, 343 B.R. 208, 214 (N.D. Iowa 2006) (Reade, J.).

*Kelley v. Opportunity Fin., LLC*, Civil Case No. 14-3375 MJD, 2015 WL 321536, at *1–2 (D. Minn. Jan. 26, 2015).

In addition to this court's inability to enter a final judgment on all of the issues raised in this adversary proceeding absent consent of the parties because of the state-law, non-core claims, Auro has also timely demanded a jury trial. In this district, we are not equipped to conduct jury trials in

bankruptcy court. Accordingly, I recommend that the United States District Court for the District of Nebraska withdraw the reference of this adversary proceeding pursuant to Nebraska General Rule 1.5(b) so that it may proceed as a jury trial.

    DATED: April 6, 2018.

                Respectfully Submitted,

                /s/ Thomas L. Saladino
                Chief Judge

Notice given by the Court to:
    Patrick R. Turner
    Michael T. Eversden
    U.S. Trustee